# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | **2:13-CV-01865-RGK-VBK** |
| vs. | |
| THOMAS D. COLDICUTT, JR., ELIZABETH L. COLDICUTT, ROBERT C. WEAVER, JR. CHRISTOPHER C. GREENWOOD, LINDA S. FARRELL, AND SUSANA GOMEZ, | [~~PROPOSED~~] FINAL JUDGMENT |
| Defendants. | |

The Securities and Exchange Commission ("Commission") having filed a Complaint; Defendants Thomas D. Coldicutt, Jr., Elizabeth L. Coldicutt, Robert C. Weaver, Jr., Christopher C. Greenwood, Linda S. Farrell, and Susana Gomez having entered general appearances, consented to the Court's jurisdiction over them and the subject matter of this action, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment; Defendants Weaver, Farrell and Gomez having consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); Defendants Thomas D. Coldicutt, Elizabeth L. Coldicutt and Christopher C. Greenwood having consented to entry of permanent injunctive relief, officer and director bars and penny stock bars without admitting or denying the allegations of the Complaint (except as to jurisdiction); and the Court having granted the Commission's Motion for Disgorgement, Prejudgment Interest and Civil Penalties,

and for Entry of Final Judgment [Doc. Nos. 94; 104], Final Judgment is hereby entered against Defendants as follows:

### THOMAS D. COLDICUTT AND ELIZABETH L. COLDICUTT

#### I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

Defendants and Defendants' agents, servants, employees, attorneys, and all persons

in active concert or participation with them who receive actual notice of this

Judgment by personal service or otherwise are permanently restrained and enjoined

from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act

of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities

exchange, in connection with the purchase or sale of any security:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to make any untrue statement of a material fact or to omit to state a

           material fact necessary in order to make the statements made, in the

           light of the circumstances under which they were made, not

           misleading; or

     (c)    to engage in any act, practice, or course of business which operates or

           would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

Defendants and Defendant s' agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 3

this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] by knowingly providing substantial assistance to an issuer that files annual and quarterly reports in conformity with the Commission's rules and regulations, and Rules 15d-1 and 15d-13 promulgated thereunder [17 C.F.R. § 240.15d-1 and § 240.15d-13], requiring the filing of accurate annual and quarterly reports, respectively, and Rule 12b-20 promulgated thereunder [17 C.F.R. § 240.12b-20], requiring an issuer to include in its annual and quarterly reports material information as may be necessary to make the required statements, in light of circumstances in which they were made, not misleading.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendants are prohibited from acting as officers or directors of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes

of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $4,735,842, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $406,122.78 and individually liable for civil penalties, in the amount of $150,000 for Thomas D. Coldicutt and $150,000 for Elizabeth L. Coldicutt, pursuant to 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)]; Section 21(d)(3)(iii) of the Exchange Act [15 U.S.C. § 78u(d)(3)(iii)]; 17 C.F.R. 201.1003.  Defendants shall satisfy these obligations by paying these sums to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/ offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order

payable to the Securities and Exchange Commission, which shall be delivered or

mailed to

       Enterprise Services Center
       Accounts Receivable Branch
       6500 South MacArthur Boulevard
       Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number,

and name of this Court; their names as defendants in this action; and specifying

that payment is made pursuant to this Final Judgment.

      Defendants shall simultaneously transmit photocopies of evidence of

payment and case identifying information to the Commission's counsel in this

action.  By making this payment, Defendants relinquish all legal and equitable

right, title, and interest in such funds and no part of the funds shall be returned to

Defendants.  The Commission shall send the funds paid pursuant to this Final

Judgment to the United States Treasury.

      The Commission may enforce the Court's judgment for disgorgement and

prejudgment interest by moving for civil contempt (and/or through other collection

procedures authorized by law) at any time after 14 days following entry of this

Final Judgment.  Defendants shall pay post judgment interest on any delinquent

amounts pursuant to 28 U.S.C. § 1961.

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 6

# CHRISTOPHER C. GREENWOOD

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(d)] ("Exchange Act") requiring issuers to file annual and quarterly reports in conformity with the Commission's rules and regulations, and Rule 12b-20 promulgated thereunder [17 C.F.R. § 240.12b-20], requiring an issuer to include in its annual and quarterly reports material information as may be necessary to make the required statements, in light of circumstances in which they were made, not misleading, and Rule 15d-13 promulgated thereunder [17 C.F.R. § 240.15d-13], requiring the filing of accurate quarterly reports.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 7

and Rule 15d-14 thereunder [17 C.F.R. § 240.15d-14] by certifying an issuer's annual or quarterly report on Form 10-K or 10-Q that contains an untrue statement of material fact or omits to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is prohibited, for 10 years following the date of entry of this Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred from participating in an offering of penny stock for 10 years following the date of entry of this Judgment, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 8

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally, for disgorgement of $93,983, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $14,512.72 and a civil penalty in the amount of $2,500, pursuant to Section 21(d)(3)(i) of the Exchange Act [15 U.S.C. § 78u(d)(3)(i)]; 17 C.F.R. 201.1003.  Defendant shall satisfy these obligations by paying these sums to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

 Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/ offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; their names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 9

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## **ROBERT C. WEAVER, JR.**

### XII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 10

(a)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] requiring issuers to file annual and quarterly reports in conformity with the Commission's rules and regulations and Rules 15d-1 and 15d-13 promulgated thereunder [17 C.F.R. § 240.15d-1 and 13], requiring the filing of accurate annual and quarterly reports, respectively, and Rule 12b-20 promulgated thereunder [17 C.F.R. § 240.12b-20], requiring an issuer to include in its annual and quarterly reports material information as may be necessary to make the required statements, in light of circumstances in which they were made, not misleading.

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 11

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Rule 15d-14 thereunder [17 C.F.R. § 240.15d-14] by certifying an issuer's annual or quarterly report on Form 10-K or 10-Q that contains an untrue statement of material fact or omits to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is prohibited for five years from the date of entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 12

XVI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
that Defendant is barred for five years from the date of entry of this Final Judgment
from participating in an offering of penny stock, including engaging in activities
with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or
attempting to induce the purchase or sale of any penny stock.  A penny stock is any
equity security that has a price of less than five dollars, except as provided in Rule
3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendant is liable for disgorgement of $55,175.07, representing profits gained as
a result of conduct alleged in the Complaint, together with prejudgment interest
thereon in the amount of $9,218.27, and a civil penalty in the amount of $50,000
pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the
Exchange Act.  Defendant shall satisfy this obligation by paying $114,393.34 to
the Securities and Exchange Commission pursuant to the terms of the payment
schedule set forth in paragraph VI below.

Defendant may transmit payment electronically to the Commission, which
will provide detailed ACH transfer/Fedwire instructions upon request.   Payment
may also be made directly from a bank account via Pay.gov through the SEC
website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 13

certified check, bank cashier's check, or United States postal money order payable

to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number,

and name of this Court; Robert C. Weaver, Jr. as a defendant in this action; and

specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of

payment and case identifying information to the Commission's counsel in this

action.  By making this payment, Defendant relinquishes all legal and equitable

right, title, and interest in such funds and no part of the funds shall be returned to

Defendant.  The Commission shall send the funds paid pursuant to this Final

Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and

prejudgment interest by moving for civil contempt (and/or through other collection

procedures authorized by law) at any time after 14 days following entry of this

Final Judgment.  Defendant shall pay post judgment interest on any delinquent

amounts pursuant to 28 U.S.C. § 1961.

## XVIII.

Robert C. Weaver, Jr. shall pay the total of disgorgement, prejudgment

interest, and penalty due of $114,393.34 in four installment payments to the

Commission, plus an initial down payment of $10,000, according to the following schedule:  (1) $10,000 within 14 days of the entry of this Final Judgment; $26,098.34, within 90 days of entry of this Final Judgment;  (2) $26,098.34, within 180 days of entry of this Final Judgment;  (3) $26,098.34, within 270 days of entry of this Final Judgment;  (4) $26,098.34, within 360 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment and not otherwise paid by the deadlines set forth in the above schedule.  Prior to making the final payment set forth herein, Robert C. Weaver, Jr. shall contact the staff of the Commission for the amount due for the final payment.

If Robert C. Weaver, Jr. fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## **LINDA S. FARRELL**

### XIX.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 15

by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 15(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(d)] ("Exchange Act") requiring issuers to file annual and quarterly reports in conformity with the Commission's rules and regulations, and Rules 15d-1 and 15d-13 promulgated thereunder [17 C.F.R. § 240.15d-1 and § 240.15d-13], requiring the filing of accurate annual and quarterly reports, respectively, and Rule 12b-20 promulgated thereunder [17 C.F.R. § 240.12b-20], requiring an issuer to include in its annual and quarterly reports material information as may be necessary to make the required statements, in light of circumstances in which they were made, not misleading.

## XX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Rule 15d-14 thereunder [17 C.F.R. § 240.15d-14] by certifying an issuer's annual or quarterly report on Form 10-K or 10-Q that contains an untrue statement of material fact or omits to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 16

XXI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

XXII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $47,500, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,871.27, for a total of $56,371.27.  Based on Defendant's sworn representations in her Statement of Financial Condition dated November 5, 2013, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 17

indicating that Defendant's representations to the Commission concerning her

assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or

incomplete in any material respect as of the time such representations were made,

the Commission may, at its sole discretion and after notice to Defendant, petition

the Court for an order requiring Defendant to pay the unpaid portion of the

disgorgement, pre-judgment and post-judgment interest thereon, and the maximum

civil penalty allowable under the law.  In connection with any such petition, the

only issue shall be whether the financial information provided by Defendant was

fraudulent, misleading, inaccurate, or incomplete in any material respect as of the

time such representations were made.  In its petition, the Commission may move

this Court to consider all available remedies, including, but not limited to, ordering

Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions

for contempt of this Final Judgment.  The Commission may also request additional

discovery.  Defendant may not, by way of defense to such petition:  (1) challenge

the validity of the Consent or this Final Judgment; (2) contest the allegations in the

Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-

judgment and post-judgment interest or a civil penalty should not be ordered; (4)

contest the amount of disgorgement and pre-judgment and post-judgment interest;

(5) contest the imposition of the maximum civil penalty allowable under the law;

or (6) assert any defense to liability or remedy, including, but not limited to, any

statute of limitations defense.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## **SUSANA GOMEZ**

### XXIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 15(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(d)] ("Exchange Act") requiring issuers to file annual and quarterly reports in conformity with the Commission's rules and regulations, and Rules 15d-1 and 15d-13 promulgated thereunder [17 C.F.R. § 240.15d-1 and § 240.15d-13], requiring the filing of accurate annual and quarterly reports, respectively, and Rule 12b-20 promulgated thereunder [17 C.F.R. § 240.12b-20], requiring an issuer to include in its annual and quarterly reports material information as may be necessary to make the required statements, in light of circumstances in which they were made, not misleading.

### XXIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Rule 15d-14 thereunder [17 C.F.R. § 240.15d-14] by certifying an issuer's annual or quarterly report on Form 10-K or 10-Q that contains an untrue statement of material fact or omits to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

## XXV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## XXVI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is not liable for a disgorgement amount representing any profits gained as a result of the conduct alleged in the Complaint, or for any prejudgment interest thereon.  And based on Defendant's sworn representations in her Statement of Financial Condition dated November 2, 2013, and other documents and

information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty.  The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and after notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 21

judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## **ALL DEFENDANTS**

### XXVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of Thomas D. Coldicutt, Elizabeth L. Coldicutt, Robert C. Weaver, Jr., Christopher C. Greenwood, Linda S. Farrell, and Susana Gomez are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### XXVIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XXIX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  August 14, 2014

_____

R. Gary Klausner
United States District Judge

*SEC v. Coldicutt, et al.*
[Proposed] Final Judgment – Page 23